Isabella SAFLEY and Marie T. Wepprich, Plaintiffs-Appellants,

v.

Mrs. James VERDI, a/k/a Emily White Simmons, Defendant-Respondent.

No. 50602.

Supreme Court of Missouri,

Division No. 2.

Dec. 14, 1964.

Robert Stemmons, Mt. Vernon, for appellants.

Paul E. Decker, Rolla, for respondent.

HENRY J. WESTHUES, Special Commissioner.

Isabella Safley and Marie T. Wepprich each filed an action in the Circuit Court of Phelps County, Missouri, against Mrs. James Verdi to recover damages for personal injuries alleged to have been sustained when a car in which they were riding collided with the rear of a car driven by Mrs. Verdi.

By stipulation, the cases were consolidated in the Circuit Court and a trial resulted in a jury verdict for the defendant and against both plaintiffs. An appeal was taken to this Court.

Each plaintiff asked for $50,000 in damages, vesting appellate jurisdiction in this Court. Pending the appeal, Marie T. Wepprich died. On request, this Court substituted Mrs. Safley, a daughter of Mrs. Wepprich and administratrix, as a party appellant.

(We shall refer to the parties as plaintiffs and defendant throughout the opinion.)

The collision in question occurred at about 5:00 p. m., on November 16, 1962, on U. S. Highway 66 east of a crossover at Bourbon, Crawford County, Missouri. At this point, Highway 66 is a four-lane roadway. Two lanes are for eastbound traffic and two for westbound traffic, with the eastbound and westbound lanes separated by a distance of "approximately two car lengths." It was agreed that it was raining a little or misting at the time of the collision. According to witnesses, it was dark or twilight and operators of cars had the lights of their cars turned on.

Plaintiffs submitted their case to the jury on the theory that defendant "suddenly, without notice or warning, stopped or caused her said automobile to be stopped in front of the automobile plaintiffs were passengers in and failed to extend her arm or give other timely notice of her intention to stop on said highway, if you so find, and in such a position that the right side of said automobile was not as close or as near the right side of the highway as was practicable and thereby obstructed the roadway, if you so find, and if you further find there were no lights or lighted lamps on said automobile at a time when the light conditions were dark and rain or mist was falling, * * *."

Defendant's defense was that the motor of her car suddenly stopped; that there was an upgrade at that point and defendant applied her brakes to prevent her car from rolling backward; that while attempting to start her car and within 30 seconds after her car stopped, her car was struck by the car in which plaintiffs were riding. At defendant's request, the court gave instruction numbered D-A-G, of which plaintiffs complain. It reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that at the time and place mentioned in evidence defendant drove her automobile from the crossover mentioned in evidence into the eastbound lanes of said Highway 66 and if you further find that defendant exercised the highest degree of care in driving her said automobile at said time and place but that an unexpected and unforeseen mechanical failure resulted, causing her automobile to stall in the traveled portion of the right lane of the eastbound lanes of said highway, if you so find that such mechanical failure did occur and that the automobile was thereby caused to become stalled, and if you further find that defendant could not by the exercise of the highest degree of care have removed her said automobile from the traveled portion of said highway within the time between the time her automobile stalled, if so, and the time of the *occurance* of the collision of the automobiles mentioned in evidence, and if you further find and believe from the evidence that defendant could not by the exercise of the highest degree of care, have had sufficient time to warn other motorists traveling on said highway of the presence of her stalled automobile, and if you further find that at the time of the collision and at all times immediately prior thereto, defendant had her headlights and tail-lights lighted on her said automobile and that there were also other lights at or near the south edge of said highway which illuminated the portion of said highway at the point where defendant's stalled

automobile was located at the time of the collision so as to make her automobile visible to other motorists traveling on said highway for a sufficient distance so as not to constitute any immediate hazard of a collision, if you so find the facts to be, then the Court instructs the jury that the fact that defendant's automobile was on the said highway at said time and place did not constitute negligence on defendant's part and your verdict must therefore be in favor of the defendant and against the plaintiffs."

Plaintiffs brief two points: First, that the trial court should have directed a verdict for plaintiffs. Second, that the court erred in giving instruction D-A-G, above set forth in full. Defendant did not see fit to file a brief. On reading the record, we find that plaintiffs introduced substantial evidence to support the allegations of negligence submitted to the jury by their instructions as given by the court. We shall relate additional evidence in connection with a consideration of the points briefed by plaintiffs.

Plaintiffs' contention that the trial court should have directed a verdict for them must be denied. Sec. 304.019, V.A.M.S., the case of Matthews v. Mound City Cab Company, Mo.App., 205 S.W.2d 243, cited by plaintiffs along with other cases cited do not support plaintiffs.

Defendant testified that she drove her car from St. Louis on Highway 66 intending to go to Bourbon where she was to meet her husband at a Standard Service Station located east of a crossover at Bourbon and south of Highway 66. She stated that she turned south on the crossover, stopped at a "Yield" sign before entering the eastbound lanes of Highway 66; that she saw cars approaching from the west; that she had sufficient time to make a turn to the east; that as she reached a point in the right-hand lane of the eastbound lanes of Highway 66 and east of the crossover, the motor of her car suddenly stopped; that she applied the brakes to pre-

vent the car from rolling backward and attempted to start the motor; that within 30 seconds, her car was struck by plaintiffs' car; that the lights on her car were on and that the right turn signal was on during all that time and still on after the collision; that the right turn signal was on because she was only a short distance from the service station; that she had no time to give other than the light signal; that she did not know why the motor stopped; that there was gas in the tank and the motor had not failed prior to that evening. She testified further that during the 30 seconds in which her car was stalled, one of the cars she had noticed coming from the west passed her car on the north or inner lane of Highway 66. We see no justification for the trial court to have directed a verdict for plaintiffs. It was a jury question whether defendant's negligence, if any, contributed to the collision and to plaintiffs' injuries.

In Matthews v. Mound City Cab Company, supra, the St. Louis Court of Appeals said (205 S.W.2d 1. c. 248), "This is not to imply that every sudden and abrupt stop of an automobile is in and of itself proof of negligence, but only that such a stop will constitute negligence if there is no emergency shown to justify it, and it is made in disregard of the presence of vehicles following so closely behind that they may be unable to avoid a collision." See also 60 C.J.S. Motor Vehicles § 332, p. 775. The trial court ruled correctly in refusing to direct a verdict for plaintiffs.

■ In the next assignment of error briefed by plaintiffs, they find fault with instruction D-A-G in a number of respects. They say that the instruction "does not properly hypothecate sufficient and proper facts upon which a jury could find that an 'unexpected and unforseen mechanical failure resulted.'" They say further that the term "mechanical failure" was not defined and that there was no evidence of a mechanical failure. We cannot agree. The defendant testified that the motor of her car stopped and that she did not have time to nor could she have removed it

from the roadway during the time, 30 seconds, before it was struck. In this connection, we have carefully considered the opinions in the cases of Eastman v. Brackman, Mo., 347 S.W.2d 126, by this Court en Banc, and Phillips v. Stockman, 351 S.W.2d 464, by the Springfield Court of Appeals. In each case, liability for damages was claimed because a motor vehicle was stalled on a roadway. In each case, the defense was that the car or truck was unavoidably on the roadway. In the Eastman case, the defendant's car had skidded on ice and snow. In the Phillips case, the motor of the defendant's truck stalled. In each case, no particular mechanical defect was proven. In the case before us, the evidence as to any defect was similar to the evidence as to a defect in the truck involved in the Phillips case, that is, that the motor stalled. To constitute mechanical failure, it is not necessary that there be evidence of a broken wheel or that some particular mechanism be out of order. It is sufficient if for some reason the motor vehicle cannot be removed under its own power. The Eastman and Phillips cases support this conclusion. See also 60 C.J.S. § 332, p. 775.

■ Plaintiffs say that the instruction failed to hypothecate necessary facts which would constitute a legal excuse for failure "to stop her motor vehicle as close to the right-hand side of the highway as was practicable or to remove same * * * or failure to give a timely warning." A reading of the instruction along with the evidence stated supra is all that is necessary to refute this contention. Neither was it necessary for the instruction to negative any concurrent negligence of defendant with that of the driver of the car in which plaintiffs were passengers. This point was fully covered by instructions given at plaintiffs' request. Instruction D-A-G required a finding that defendant was not negligent before a verdict was authorized.

■ Plaintiffs say that the instruction hypothecates facts which were not in evidence, that is, that there was no evidence

of any illumination of the portion of the highway at the point of the collision. This point is without merit. The defendant testified that there were lights at the service station which illuminated the place where the collision occurred. State Trooper Donald Shelton also so testified. Note his evidence:

"Q Now, on the night of this accident, could you tell the Court and jury whether or not there is any business places in the vicinity that illuminates the area at the point where this accident occurred?

"A There is a filling station-restaurant and motel in this general area. The lights do illuminate that area to a certain extent."

We rule that the case was properly tried and that the judgment for the defendant (respondent here) should be and it is hereby affirmed.

PER CURIAM.

The foregoing opinion by HENRY J. WESTHUES, Special Commissioner is adopted as the opinion of the Court.

All of the Judges concur.